# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

| | | |
|---|---|---|
| THELMA WILLIAMS, JR.<br>ADC #93197 | | PLAINTIFF |
| V. | 5:11CV00005 SWW/JTR | |
| JOHNSON, Lieutenant,<br>Varner Super Max, ADC, et al. | | DEFENDANTS |

## ORDER OF DISMISSAL

Plaintiff, Thelma Williams, Jr., who is a prisoner in the Varner Super Max Unit of the Arkansas Department of Correction, has filed a *pro se* § 1983 Complaint. *See* docket entry #1. However, he has not paid the $350 filing fee or filed an Application to Proceed *In Forma Pauperis*.

The Prison Litigation Reform Act contains a three-strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

The Court's records demonstrate that Plaintiff has previously filed at least three cases that were dismissed for failing to state a claim upon which relief may be granted. *See Williams v. Gibson,* 5:07CV00178 WRW (dismissed on Aug. 13, 2007, and dismissal affirmed on appeal on Feb. 13, 2008); *Williams v. Bennett*; 5:07CV00179 JMM (dismissed on Aug. 17, 2007, and dismissal

affirmed on appeal on Feb. 13, 2008); *Williams v. Smallwood*; 5:07CV00181 JMM (dismissed on September 13, 2007, and dismissal affirmed on appeal on December 8, 2008). Accordingly, Plaintiff has accumulated three strikes, as defined by § 1915(g), prior to commencing this action on January 12, 2011.[1]

Even though Plaintiff is a three striker, he may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule that is set forth in § 1915(g). *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.) The Eighth Circuit also has been reluctant to apply the imminent danger exception unless the alleged ongoing danger exposes the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048,1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

---

[1] Additionally, Plaintiff has previously had at least *thirteen* cases dismissed, pursuant to the three-strikes rule. *See Williams v. Edward*, 2:08CV00188 JLH; *Williams v. Sims*, 2:08CV00196 WRW; *Williams v. Cathell*; 4:09CV00039 JMM; *Williams v. Ferricher*, 5:09CV00005 JMM; *Williams v. Manus*, 5:09CV00144 SWW; *Williams v. Mears,* 4:10CV00140 JLH; *Williams v. Johnson,* 4:10CV00141 SWW; *Williams v. Yount,* 4:10CV00142 SWW; *Williams v. Crouch,* 4:10CV00143 JMM; *Williams v. Yount,* 4:10CV01759 JLH; *Williams v. Hicks*, 5:10CV00125 JLH; *Williams v. Smith,* 5:10CV00228 DPM; *Williams v. Smith*; 5:10CV274 SWW.

In his Complaint, Plaintiff claims that Defendants interfered with his legal mail in retaliation for him filing lawsuits against them. *See* docket entry #1. Clearly, this allegation does *not* satisfy the imminent danger exception to the three strikes rule. Thus, it would be futile to order him to file an Application to Proceed *In Forma Pauperis*.

IT IS THEREFORE ORDERED THAT:

1. This case is DISMISSED, WITHOUT PREJUDICE, pursuant to the three-strikes rule set forth in 28 U.S.C. § 1915(g).

2. If Plaintiff wishes to proceed with this case, he must, **within thirty days of the entry** of this Order of Dismissal: (a) pay the statutory filing fee of $350, in full, noting the above case style and number; and (b) file a Motion to Reopen the case.

3. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 24th day of January, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE